ORIGINAL

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HASOUN BUTLER,

                    Petitioner,                              MEMORANDUM AND ORDER
    -against-                                                Case No. CV-05-3334 (FB)

RAYMOND J. CUNNINGHAM,
Superintendent, Woodbourne
Correctional Facility

                    Respondent.
------------------------------------------------------------x
```

*Appearances:*
*For the Petitioner:*
HASOUN BUTLER, *Pro Se*
03-A-0492
Woodbourne Correctional Facility
P.O. Box 1000
99 Prison Road
Woodbourne, NY 12788

*For the Respondent:*
RICHARD A BROWN, Esq.
District Attorney, Queens County
By: MICHAEL TARBUTTON, Esq.
Assistant District Attorney
125-01 Queens Blvd.
Kew Gardens, NY 11415-1568

**BLOCK, Senior District Judge:**

Petitioner Hasoun Butler ("Butler"), proceeding *pro se*, filed a petition for *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his conviction for the criminal sale of a controlled substance in New York Supreme Court, Queens County, on the grounds that he was denied due process because the trial court failed to grant his application under *Batson v. Kentucky*, 476 U.S. 79 (1986), and to provide a suitable remedy for the alleged violation. For the reasons stated below, the petition is denied.

## I.

There is no dispute as to the relevant facts: The Court accepts the factual and procedural history as set forth in the respondent's affidavit in opposition and memorandum of law. *See* Aff. in Opp'n to Pet., at 2-6, 9-10; Mem. of Law, at 14-22.

Particularly relevant are the jury selection proceedings. After the second round of jury selection, the prosecutor exercised four peremptory challenges, all of them against African-American jurors, including Lucy Burton ("Burton") and Avis Simmons ("Simmons"); both Burton and Simmons were excused. After the third round of jury selection, the prosecutor exercised another peremptory challenge against Bobby Glaze ("Glaze"); Butler's trial counsel made a *Batson* application, arguing that the prosecution had challenged every African-American woman in prior rounds and now challenged Glaze, whom he believed to be a "minority." *See* Jury Select. Tr. at 371-72.

Although the court denied Butler's application regarding Glaze, it nonetheless concluded that Butler had established a *prima facie* case of discrimination against African-American women and directed the prosecution to provide reasons for its challenges. Butler's trial counsel remained silent for most of this colloquy; the only time he did speak was to take exception to the prosecutor's reason for striking Burton – namely, the extent of her involvement in church activities – noting that other jurors had also mentioned church activities in their *voir dire* testimony. *Id.* at 374. The court accepted the prosecution's reasons for striking Burton, but with respect to Simmons, the court concluded, "I'm not too sure as to her, but I think the issue is untimely raised [since she has

2

already been excused]. So I'm going to grant the People the challenge and the defense has an exception." *Id.* at 376.

On appeal, Butler challenged the trial court's determination that his *Batson* application was untimely, and argued that the trial court erred in failing to remedy the alleged violation by either declaring a mistrial or granting Butler additional peremptory challenges. The Appellate Division affirmed the trial court's judgment, stating:

> [T]he application was timely. Nevertheless, the defendant's present contention that the trial court should have declared a mistrial or granted him additional peremptory challenges is unpreserved for appellate review as he never requested this or any relief from the trial court. In any event, reversal is not warranted in the exercise of our interest of justice jurisdiction.

*People v. Butler*, 790 N.Y.S.2d 479, 480-81 (2d Dep't 2005) (citations omitted). The Court of Appeals denied leave to appeal. *See People v. Butler*, 4 N.Y.3d 884 (2005) (table). Butler thereafter timely filed his *habeas* petition, raising the same arguments made to the Appellate Division.[1]

## II.

*Habeas* relief is barred where "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). A state procedural rule is "independent" if the state court need not decide the petitioner's claim on the merits in order to apply the rule. *See Stewart v. Smith*, 536 U.S. 856, 859-60 (2002). A state procedural rule is "adequate" to support the judgment if it is a "firmly established

---

[1] In support of his petition, Butler submitted appellate counsel's brief to the Appellate Division as his memorandum of law. *See* Pet'r Mem. of Law.

3

and regularly followed state practice." *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (citation omitted). *Habeas* review is only proper in this context where: (1) petitioner can show cause for the procedural default and prejudice attributable thereto, or (2) petitioner can demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750.

Under New York's preservation rule, the failure to request a remedy from the trial court renders the entire *Batson* claim unpreserved. *See, e.g., People v. Smith*, 81 N.Y.2d 875, 876 (1993) ("Defendant now argues for the first time that the prosecution's exclusion of the two jurors, who assertedly could have been expected to favor the prosecution based on their backgrounds, indicates a purpose of discrimination. This claim is not preserved."); *People v. McLeod*, 722 N.Y.S.2d 507, 507 (1st Dep't 2001) ("In the absence of a particularized objection to the adequacy of the remedial measures adopted by the court in response to the *Batson* issue (raised *sua sponte*), the issue is unpreserved for appellate review."). A preservation determination is independent of the merits of a *Batson* claim. *See, e.g., People v. Duncan*, 582 N.Y.S.2d 847, 850 (4th Dep't 1992) ("The preservation of an issue for appellate review is completely distinct from the question whether defendant has sustained his burden of proof.").

The Second Circuit has held that New York's preservation rule is firmly established and regularly followed in the *Batson* context. *See Rodriguez v. Schriver*, 392 F.3d 505, 509-10 (2d Cir. 2004) (holding Appellate Division's determination that petitioner's challenge to removal of jurors was unpreserved constituted an independent and adequate

state ground precluding *habeas* review); *see also Galarza v. Keane*, 252 F.3d 630, 638 (2d Cir. 2001) ("[A] party must raise his or her *Batson* challenges in a manner that would allow a trial court to remedy the problem at trial.").

The record supports the Appellate Division's finding that Butler never requested a mistrial, additional peremptory challenges, or any other relief from the trial court; accordingly, his claim was procedurally barred under New York's preservation rule. *See Smith*, 81 N.Y.2d at 876. Since the Appellate Division's judgment is based on an independent and adequate state procedural ground, *see Rodriguez*, 392 F.3d at 509-10, and Butler has shown neither cause for his default and resulting prejudice, nor that the failure to consider his federal claim will result in a fundamental miscarriage of justice, *habeas* review is barred. *See Coleman*, 501 U.S. at 730, 750; *see also Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990) ("[F]ederal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim."); *cf. Anderson v. Superintendent, Elmira Corr. Facility*, 360 F. Supp. 2d 477, 495-96 (E.D.N.Y. 2005) (denying *habeas* where petitioner, in *prima facie* context, did not "articulate all the relevant facts and circumstances in support of the *Batson* challenge").

## CONCLUSION

The petition is denied. A certificate of appealability will not issue because Butler has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

                                                FREDERIC BLOCK
                                                United States Senior District Judge

Dated: Brooklyn, New York
         December 19, 2006